MARGARET CONNELLY *vs.* AMOS BURRILL.

The complainant in a bastardy process under Rev. Sts. *c.* 49, may, if otherwise competent, testify to any facts tending to establish the paternity of the child, although the same facts be known to other persons.

THIS was a complaint under Rev. Sts. *c.* 49, in which the complainant charged the respondent with being the father of her child, which was born a bastard. The complainant was offered as a witness by her counsel, and not objected to, so far as she was competent under the statute, and the counsel proceeded to examine her generally, as to facts not peculiarly within her own knowledge, to which the respondent's counsel objected, contending that the complainant was not a competent witness as to facts not peculiarly within her own knowledge. But the presiding judge of the court of common pleas, *Perkins*, J. overruled the objection. To this ruling the respondent, being convicted, excepted.

*J. W. May*, for the respondent.

*E. Ames*, for the complainant.

DEWEY, J. The rule of the common law, excluding parties to the record from being competent witnesses, has long had certain statute exceptions, under the authority of which they have been allowed to testify as witnesses. Among these excepted cases is that of a complainant in a bastardy process, charging the respondent with being the father of her illegitimate child. The reason for this statute provision was doubtless a supposed necessity, under the assumption that in many cases it would be impossible without such evidence to establish the guilt of the party accused. This proceeding is *sui generis* also, a proceeding partaking of criminal and also of a civil

character, having its jurisdiction sometimes in the criminal, and at others by statute in the civil courts.

But the question of the competency of the mother as a witness, is wholly a question upon the construction of the statute. The language of the statute (after stating certain prerequisites, which are admitted to exist here,) is, " She shall be admitted as a competent witness on the trial of the cause." This is very unqualified, and fully authorizes the introduction of the mother of the child to testify as to all matters bearing upon the question of the paternity of the child. Many of these facts may be exclusively within the knowledge of the mother, but many of them may be of a different character, incidental circumstances showing the acquaintance of the parties and the opportunities the defendant had for illicit intercourse with her, which may be known to others as well as to the mother of the child.

The respondent's counsel insist that as to all such, she is an incompetent witness. But the court are of opinion that there is no such strict limitation upon the testimony to be given by the mother, and that she is competent to testify to any facts tending to establish the paternity of the child.

We understand that to have been the only issue tried here, and the only matter as to which this question arose. Upon entire collateral questions, as upon a defence of a release by the mother of the action, or other like defence, which was independent of the paternity of the child, it might be otherwise, and the mother might be held incompetent. The limitations in the cases cited, of parties who are introduced as witnesses to prove usury, or that the consideration of a note was a gaming debt, are under the peculiar provisions of the statutes on those subjects, and must be decided by them.

*Exceptions overruled.*